UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELAINE GALLAGHER-MCKEE,<br>    Plaintiff,<br><br>    v.<br><br>LAHEY CLINIC HOSPITAL, INC.,<br>    Defendant. | C.A. No. 17-10184-MLW |

## MEMORANDUM AND ORDER

WOLF, D.J.                                                           November 27, 2017

On November 2, 2017, the court ordered the parties to confer and report, by November 20, 2017, whether this case should be remanded to state court for lack of jurisdiction. See Docket No. 19 at 5. "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011). When the court notices a defect in subject-matter jurisdiction, the "party asserting jurisdiction has the burden of demonstrating [its] existence..." Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F. 3d 26, 32-33 (1st Cir. 2012). The parties did not respond to the November 2, 2017 Order. Therefore, neither party is now asserting that jurisdiction exists.

As explained in the November 2, 2017 Memorandum and Order, the Amended Complaint alleges only negligent misrepresentation under Massachusetts law. For the reasons discussed in that

Memorandum and Order, the court may not exercise supplemental jurisdiction over that claim, pursuant to 28 U.S.C. §1367, because doing so would not "serve the interests of fairness, judicial economy, convenience, and comity." Wilber v. Curtis, 872 F. 3d 15, 23 (1st Cir. 2017)("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors...will point toward declining to exercise jurisdiction over the remaining state-law claims."). In addition, the court may not exercise federal question jurisdiction under 28 U.S.C. §1331 because there is no showing that the claim raises an issue of federal law that is "substantial," or "important to the federal system as a whole." Municipality of Mayagüez v. CPDO, 726 F. 3d 8, 14 (1st Cir. 2013). Moreover, there is no showing that jurisdiction could be exercised without disturbing the "congressionally approved balance of federal and state judicial responsibilities." Anversa v. Partners Healthcare Sys. Inc., 835 F. 3d 167, 175 (1st Cir. 2016).

Accordingly, it is hereby ORDERED that this case is REMANDED to the Massachusetts Superior Court.

_/s/ [signature]_
UNITED STATES DISTRICT JUDGE