UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| ELAINE GALLAGHER-MCKEE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 17-10184-MLW |
| LAHEY CLINIC HOSPITAL, INC., | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    March 29, 2018

Plaintiff filed this case in Massachusetts Superior Court alleging violations of the Family Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. §2615, as well as fraudulent and negligent misrepresentation under Massachusetts law. Defendant timely removed the case to this federal court. It alleged the court had federal question jurisdiction over the FMLA claim under 28 U.S.C. §1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367. Plaintiff subsequently dismissed the FMLA and fraud claims, and amended the complaint to allege only one count of negligent misrepresentation under Massachusetts law. For the reasons described below, the court lacks subject matter jurisdiction to decide that claim. Therefore, it is remanding this case to state court.

"A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." Spooner v. EEN, Inc.,

644 F.3d 62, 67 (1st Cir. 2011). On November 2, 2017, the court issued a Memorandum and Order questioning whether it had subject matter jurisdiction to decide the case. The court explained the reasons it doubted the existence of jurisdiction, which are amplified below, and ordered that "the parties shall, by November 20, 2017, confer concerning the issues raised in this Memorandum and Order and report whether this case should be remanded to state court." Nov. 2, 2017 Memo. and Order at 5, ¶1. It also ordered that "[i]f either party asserts the case should proceed in this court, the parties shall, by December 8, 2017, each submit a memorandum addressing whether this court may properly exercise jurisdiction over this case." Id. at ¶2. See Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F. 3d 26, 32-33 (1st Cir. 2012)(stating that when the court notices a defect in subject-matter jurisdiction, the "party asserting jurisdiction has the burden of demonstrating [its] existence").

On November 27, 2017, the parties had not filed the report required by paragraph one of the November 2, 2017 Order. Therefore, the court ordered the case remanded to state court. See Dec. 27, 2017 Memo. and Order. The parties promptly moved for reconsideration, explaining that they incorrectly believed they were only required to report by November 20, 2017 if they consented to have the case remanded. The court allowed the motion and stayed the December 27, 2017 Order requiring remand. The parties

2

subsequently filed a Joint Memorandum in Favor of Finding Federal Jurisdiction, arguing that the case should remain in federal court.

The parties agree, as the court found on November 2 and December 27, 2017, that the court cannot exercise supplemental jurisdiction over the negligent misrepresentation claim under 28 U.S.C. §1367. See Wilber v. Curtis, 2017 WL 4159603, at *6 (1st Cir. Sept. 20, 2017); Rivera-Díaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014). They argue, however, that 28 U.S.C. §1331 confers federal question jurisdiction over the claim because it alleges that defendant owed plaintiff a duty under two federal statutes, the FMLA and the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §12112. See Compl. at ¶38.

28 U.S.C. §1331 authorizes the United States District Courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'aris[es] under' federal law within the meaning of §1331...if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006)(quoting Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)). This means that "federal question jurisdiction under 28 U.S.C. §1331 encompasses a narrow swath of cases in which a state-law claim [1]

necessarily raise[s] a stated federal issue, [2] actually disputed and [3] substantial, [4] which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Anversa v. Partners Healthcare Sys., Inc., 835 F.3d 167, 175 (1st Cir. 2016)(citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); see also Gunn v. Minton, 133 S. Ct. 1059, 1065-67 (2013).

The requirement that a question of federal law embedded in a state-law claim be "substantial" "demands that [the] federal question must be not only important to the parties, but important to the federal system." Municipality of Mayagüez v. CPDO, 726 F.3d 8, 13 (1st Cir. 2013). A claim raises a "substantial" federal question when (a) its outcome "could turn on a new interpretation of a federal statute or regulation which will govern a large number of cases" and "could be settled once and for all" if adjudicated in a federal forum; or (b) presents an issue of federal law whose resolution "has broader significance for the federal government," such as a claim that "directly challenges the propriety" of a federal administrative action. Id. at 13-14. The Supreme Court has also considered whether allowing state courts to resolve the claim will "undermine the development of a uniform body of [federal] law." Gunn, 568 U.S. at 261.

As the basis for her claim of negligent misrepresentation under Massachusetts law, plaintiff alleges that while she was on leave because of anxiety and depression, defendant "misrepresented that [she] would not be terminated while on [leave due to her] disability," even though it "knew or should have known that [her] position would not be available as of November 3, 2014." Am. Compl. at ¶¶39-40. She further alleges that defendant "failed to inform [her] that she needed to provide a return to work date in order to retain her employment with [defendant]." Am. Compl. at ¶¶36. She also alleges that defendant's "misrepresentation to [her] caused her to remain out on leave beyond" June 23, 2014, the date to which defendant had previously extended her leave. Id. at ¶42. As a result, on November 3, 2014, she was terminated. Id.

Plaintiff claims that defendant's misrepresentation breached its "duty to [plaintiff] to inform her of her rights under the FMLA and ADA." Id. at ¶38. However, plaintiff dismissed her FMLA claim because the alleged misrepresentations occurred after the 12-week period of leave to which the FMLA allegedly entitled her. See Pl's Opp. to Motion to Dismiss (Docket No. 11) ("Pl's Opp.") at 2; see also 29 U.S.C. §2612(a). She has not asserted a claim under the ADA. The parties concede that there is no provision of the FMLA or the ADA that required defendant to notify plaintiff, after her 12-week FMLA leave ended, that she could be terminated for remaining on indefinite leave without setting a date for her

return. See Def's Memo. in Supp. of Motion to Dismiss (Docket No. 7) at 1; Pl's Opp. at 6. Plaintiff does not allege that defendant failed to comply with any of the FMLA notice requirements under 29 C.F.R. §825.300 during her initial 12 weeks of leave.[1] In effect, plaintiff contends that the FMLA and ADA are evidence of a "public policy" that employers should provide complete and accurate information in the circumstances alleged, and that Massachusetts law elevates that policy into a duty. Pl's Opp. at 5, 8.

As explained earlier, §1331 gives United States District Courts the power to decide state-law claims that "depend on <u>the construction or application of federal law</u>," if "the contested federal issue [is] a substantial one." <u>Grable</u>, 545 U.S. at 314 (emphasis added); <u>see</u> <u>also</u> <u>Merrell Dow Pharma. Inc., v. Thompson</u>, 478 U.S. 804, 808-09 (1986)(stating that "the vindication of a right under state law [must] necessarily turn on some <u>construction of federal law</u>")(emphasis added). To provide federal jurisdiction to decide a claim based on state law, the claim must depend on the "interpretation of a federal statute or regulation" or the propriety of a federal administrative action. <u>Municipality of</u>

---

[1] In fact, plaintiff alleges that on February 27, 2014, defendant provided her with paperwork authorizing her to take leave under the FMLA, and that defendant misrepresented its intent not to terminate her on May 22, 2014 after her "leave ran out." Am. Compl. at ¶28.

Mayagüez, 726 F.3d at 14. In Grable, for example, the plaintiff in a quiet-title action alleged that the Internal Revenue Service violated a duty imposed under a federal tax statute, 26 U.S.C. §6335(a), when it seized his property. See 545 U.S. at 311. Because any duty to plaintiff in this case was imposed by state, not federal law, §1331 does not apply.

In Fracasse v. People's United Bank, the Second Circuit found that it lacked jurisdiction over a comparable case and remanded it to state court. 747 F. 3d 141 (2nd Cir. 2014). It held that "[n]either the federal government nor the federal system as a whole has a pressing interest in ensuring that a federal forum is available to defendants in state tort suits that [like this case] include passing references to a federal statute cited only as an articulation of public policy." Id. at 145. In Fracasse, the plaintiffs alleged that their employer failed to compensate them for overtime work and wrongfully terminated one of them while she was on medical leave due to increased stress and anxiety. Id. at 142-43. They asserted claims for breach of the covenant of good faith and fair dealing and wrongful termination under state law. Id. The plaintiffs referenced the Fair Labor Standards Act as "one of numerous public policies" supporting their claims. Id. at 144. In finding that it lacked jurisdiction under §1331, the court reasoned that employees whose FLSA rights were violated "ha[d] direct access to a federal forum to assert their rights under the

7

FLSA." Id. at 145. Therefore, there was no "pressing" federal interest in providing a federal forum for state-law claims raising FLSA issues. Id. at 145. In addition, declining jurisdiction would not "cede an opportunity to establish binding precedent" because the FLSA "need[ed] no interpretation in connection with the state tort claims that ha[d] been pled." Id.

Similarly, in this case plaintiff does not ask the court to interpret any provision in the ADA or FMLA, but merely to define the "policies" behind those statutes and their implementing regulations. Therefore, as in Fracasse, this case does not require the court to construe a federal law definitively. Since it does not pose a question of federal law, state court adjudication of the claim will not, as the parties contend, "undermine the development of a uniform body of [federal] law." Joint Memo. at 5.

In addition, employees alleging that they were harmed by violations of the FMLA's notice provisions may seek relief directly under the FMLA. See Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002); 29 C.F.R. §825.300(e); Vannoy v. Federal Reserve Bank of Richmond, 827 F. 3d 296, 301-02 (4th Cir. 2016)(holding that claim under FMLA based on employer's failure to notify employee of his right to reinstatement at the conclusion of his medical leave, which would have caused him to structure his leave differently). Employees alleging failures to grant a reasonable request for medical leave as an accommodation for a

8

disability may sue under the ADA. See Garcia-Ayala v. Lederle Parentals, Inc., 212 F. 3d 638, 645-50 (1st Cir. 2000). Such claims give the federal courts ample opportunity to interpret the ADA's and FMLA's requirements applicable to leave. Therefore, as in Fracasse, there is no federal interest in allowing a state-law claim such as plaintiff's negligent misrepresentation claim in this case to be used as a vehicle to do so. See 747 F. 3d at 145.

The cases cited by the parties are materially different. In each of them, the court was required to interpret federal law--not just an unwritten federal policy--to grant full relief. In Anversa, "all of the plaintiff's claims turn[ed] on the interpretation of...federal regulations." 835 F.3d at 174 n.5 (1st Cir. 2016). In Bd. of Comm'rs of Southeast La. Flood Protection Auth. - East v. Tenn. Gas. Pipeline Co., LLC., the Fifth Circuit found jurisdiction over the plaintiff's negligence and nuisance claims because they could "not be resolved without a determination whether multiple federal statutes create[d] a duty of care that does not otherwise exist under state law." 850 F.3d 714, 724 (5th Cir. 2017). Similarly, in Shea v. Union Free School Dist. of Massapequa, the court construed the plaintiff's allegations as asserting that the defendant "failed to comply with the provisions of the [Individuals with Disabilities Act (the "IDEA")]." 682 F. Supp. 2d 239, 242 (E.D.N.Y. 2010). Therefore, although the plaintiffs "appear[ed] to challenge the defendant's compliance

with state, not federal, procedural mechanisms," the court found they asserted that the defendants "prevented [plaintiff] from proper classification under the IDEA," which the court found "g[ave] rise to questions related to the IDEA's federal guarantee of rights." Id.

Even if plaintiff had a meaningful argument that the ADA or FMLA imposed a duty on defendant in the circumstances alleged, the court would still lack jurisdiction. "Where a federal issue is present as only one of multiple theories that could support a particular claim...this is insufficient to create federal jurisdiction." Anghel v. Ruskin Moscou Faltischek, P.C., 598 F. App'x 805, 807 (2d Cir. 2015)(citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 807-09 (1988)); accord Wright & Miller, 13D Fed. Prac. & Proc. Juris. §3562 (3d ed.).

Here, a court could grant relief on the negligent misrepresentation claim without relying on any federal statute. Under Massachusetts law, "fraud, deceit, and negligent misrepresentation may be perpetrated by a half truth, or by an implied representation, as well as by an express representation of material fact." Copperbeech P'ship, Ltd. v. Seegel, Lipshutz & Wilchins, P.C, 2004 WL 1431052, at *2 (Mass. Super. Ct. 2004).

> [E]ven in an arms-length transaction, though there may be no duty otherwise imposed, if a party does speak 'to a given point of information, voluntarily or [otherwise], he is bound to speak honestly and to divulge all the material facts bearing upon the point that lie within his

[or her] knowledge. Fragmentary information may be as misleading...as active misrepresentation, and half-truths may be as actionable as whole lies.'

Copley Place Assocs., LLC v. Tellez-Bortoni, 91 Mass. App. Ct. 186 (2017)(quoting Kannavos v. Annino, 356 Mass. 42, 48 (1969)); see also Restatement (Second) of Torts §551(2)(b)("One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated, matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading.").

Plaintiff could prevail in this case based on her allegation that defendant told her she "would not be terminated while on disability" when it knew or should have known that position would not be available as of November 3, 2014. Am. Compl. at ¶¶39-40. Plaintiff has a claim that without additional information, this statement reasonably misled her to believe that she would not be terminated while on leave regardless of whether she provided defendant a date on which she planned to return to work. Therefore, plaintiff's negligent misrepresentation claim does not "necessarily depend[] on resolution of a substantial question of federal law" and does not "arise under" it. Empire Healthchoice, 547 U.S. at 690.

In view of the foregoing, the court lacks jurisdiction to decide the only claim in the Amended Complaint. Therefore, it is

hereby ORDERED that this case is REMANDED to the Superior Court Department of the Trial Court of Massachusetts for Essex County.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE